UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY DEMOND KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHILD SUPPORT ENFORCEMENT AGENCY, et al.,<br><br>　　　　　Defendants. | Case No. 3:25-mc-80014-JSC<br><br>**ORDER RE: PRE-FILING SCREENING** |

　　　　Plaintiff Troy Demond King is subject to a vexatious litigant order, and so, the undersigned, as duty judge, must determine whether this action may be filed. The vexatious litigant order entered against Mr. King provides: "The Clerk of Court shall not file or accept any new complaints filed by Troy Demond King against government agencies or their representatives or against financial services institutions, unless and until that complaint has first been reviewed by the general duty judge of this Court and approved for filing." *King v. Fidelity Investments*, No. 24-2148-SI, Dkt. No. 21 at 9 (N.D. Cal. Sept. 20, 2024). In this action, Plaintiff brings claims against the Ohio Child Support Enforcement Agency, Ohio Jobs & Family Services, the State of Ohio, and the State of California.

　　　　The Court DENIES Plaintiff King leave to file this action. The purported claims are within the scope of the prefiling review order as they are brought against government agencies. (Dkt. No. 1 at 2.) Upon review, the claims are subject to dismissal under the Eleventh Amendment and for failure to state a cognizable claim.

　　　　First, Plaintiff's claims against Ohio, California, and two Ohio agencies are barred by the Eleventh Amendment. Absent consent, the Eleventh Amendment bars a suit in federal court "in which the State or one of its agencies or departments is named as the defendant." *Papasan v.*

*Allain*, 478 U.S. 265, 276 (1986) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also McVicker v. Hartfield*, No. 2:08-CV-1110, 2009 WL 2431257, at *8 (S.D. Ohio Aug. 6, 2009) (holding [Ohio Jobs & Family Services] is an agency of the State of Ohio, and therefore is considered an arm of the state for purposes of Eleventh Amendment immunity."). At least one of Plaintiff's actions has previously been dismissed as barred by the Eleventh Amendment. *See King v. Alameda Cnty. Dep't of Child Support Servs.*, No. 21-CV-02839-SI, 2022 WL 3702100, at *3 (N.D. Cal. Aug. 26, 2022) (dismissing claim against the California Department of Motor Vehicles as barred by the Eleventh Amendment).

Second, Plaintiff's claims are not cognizable. Plaintiff does not provide a legal basis for his claims against California, Ohio, or the two Ohio agencies, or identify any legal or factual basis for his claims. Instead, he requests "release" from an unspecified "debt" and attaches an April 20, 2023 letter from the Department of Justice reminding colleagues that the DOJ "is committed to working with state and local courts and juvenile justice agencies to ensure that their assessment of fines and fees is constitutional and nondiscriminatory." (Dkt. No. 1 at 3-6.) These allegations fail to state a cognizable claim for relief. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (holding a complaint "require[s] well-pleaded facts, not legal conclusions [] that plausibly give rise to an entitlement to relief.") (cleaned up).

Accordingly, the Clerk shall not accept the Complaint. The Clerk is requested to the close the case. No further filings will be accepted in this matter.

**IT IS SO ORDERED.**

Dated: January 28, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

2